UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VICTOR KUNCE, ET AL                    CIVIL ACTION NO. 13-cv-0080

VERSUS                                 JUDGE HICKS

STATE FARM MUTUAL AUTOMOBILE           MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL

## MEMORANDUM RULING

### Introduction

Victor and Sandra Kunce ("Plaintiffs") allege that they were injured when an 18-wheel truck wrongfully changed lanes and hit their passenger car. Plaintiffs filed suit in state court against (1) Jay Barber, the alleged driver of the truck; (2) U.S. Xpress, Inc., owner of the truck; and (3) State Farm, their uninsured/under-insured motorist ("UM") insurer. Barber and U.S. Xpress joined in a Notice of Removal based on diversity jurisdiction, but State Farm did not consent to the removal. Barber and U.S. Xpress urged in their Notice of Removal that State Farm, as the UM carrier, should be aligned with Plaintiffs so that its consent was not required. Plaintiffs have filed a timely Motion to Remand (Doc. 7) on the grounds that the removal was not supported by the consent of all served Defendants. For the reasons that follow, the Motion to Remand will be granted.

### Relevant Facts

Plaintiffs alleged in their original state court petition that Mr. Kunce was driving, with his wife as a passenger, eastbound on Interstate 20 in Bossier City in the center lane when

an unidentified driver of a red truck with a U.S. Xpress trailer changed lanes from the left to the center lane, striking the left side of the Kunce car. The truck driver allegedly fled the scene, and responding officers were not able to locate the truck. The only defendant named in the original suit was State Farm, which the Kunces alleged provided them UM and medical pay coverage for the hit and run accident. State Farm filed an answer in which it admitted that it had a policy of liability insurance that provided coverage on the Kunce vehicle, but State Farm denied every significant factual allegation included in the petition.

A few months later, Plaintiffs amended their petition to add defendants John Doe (the unidentified driver of the truck) and U.S. Xpress (the alleged employer of John Doe). Plaintiffs limited their claims for damages to $74,999. State Farm again filed an answer that denied all significant factual allegations. It asserted that Plaintiffs, to recover under their UM coverage, must first show entitlement to recover damages from other parties in amounts in excess of insurance issued to those parties.

Plaintiffs eventually learned the name of the truck driver and filed a second amended petition that added Jay Barber as a defendant and accused him of being solely at fault for the accident. Plaintiffs also outlined a recent MRI report that indicated substantial spine and disc problems, and they amended their claim for damages to be in excess of $75,000 for each plaintiff.

Jay Barber (Maryland), with the consent of U.S. Xpress (Nevada and Tennessee) removed the case based on diversity of citizenship between them and Plaintiffs (Louisiana). The removing defendants admitted that original defendant State Farm (Illinois) did not

consent to removal but urged that State Farm be aligned with Plaintiffs, or considered a mere nominal party, to excuse its lack of joinder. The removing defendants acknowledged that the removal came more than one year after suit was filed in state court, but they asked the court to excuse the untimeliness due to alleged bad faith by Plaintiffs in failing to timely disclose the amount in controversy. Plaintiffs filed a motion to remand within 30 days of the removal, thus adequate to raise procedural objections, and argued for remand on the grounds that State Farm was required to consent to removal. Plaintiffs did not urge untimeliness of the removal or any other grounds.

**Analysis**

### A. Rule of Unanimity

The rule of unanimity requires that all then-served defendants join in a notice of removal or timely file a written consent to the removal. Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991); Riles v. Stevens Transport, Inc., 2006 WL 3843029, *1 (W.D. La. 2006). Removal raises significant federalism concerns, so any doubt as to the propriety of removal should be resolved in favor of remand. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). District courts have no power to overlook timely raised procedural objections to a removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice. Spoon v. Fannin County, 794 F.Supp.2d 703 (E.D. Tex. 2011).

The rule of unanimity was made clear by an amendment to 28 U.S.C. § 1446(b)(2)(A) that when a civil action is removed based on the court's original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." The amendment was made by The Federal Courts Jurisdiction and Venue Clarification Act of 2011, which was effective January 6, 2012. The Act provides that the amendments to Section 1446 apply to actions commenced after the effective date, and removed cases are deemed to have commenced on the date they were commenced in state court. See Jones v. Shaner SPE Assoc., LP, 2012 WL 1609884 (W.D. La. 2012). Plaintiffs commenced this suit in state court in 2011, so the unanimity rule recognized by the jurisprudence before the Act is applicable.

### B. Realignment of Parties

The removing defendants first argue that State Farm's lack of consent may be ignored because State Farm is actually aligned with Plaintiffs. Realignment is sometimes used in complicated litigation to determine whether, despite the nominative position of the parties that might indicate a lack of diversity, there is an actual, substantial controversy between citizens of different states. The court may look beyond the pleadings and arrange the parties according to their sides in the dispute. Zurn Industries, Inc. v. Acton Construction Co., Inc., 847 F.2d 234, 236 (5th Cir.1988). The court looks for a "necessary collision of interest" between parties based on the principal purpose of the suit and the primary and controlling matter in dispute. Id. This determination is based on the plaintiff's principal purpose for filing its suit. It does not consider cross-claims and counterclaims filed by the defendants. Id.

at 237.  Realignment most often arises to determine whether there is diversity of citizenship, but it also applies to determine removal issues such as whether failure of all served defendants to join in a removal may be excused.  Gurney's Inn Resort & Spa, Ltd. v. Benjamin, 743 F. Supp. 2d 117, 122 (E.D. NY 2010); Hillman Lumber Products, Inc. v. Webster Mfg., Inc., 2006 WL 2644968, *2 (W.D. La. 2006).

  Plaintiffs began this litigation by suing State Farm to collect money to compensate them for their damages.  Plaintiffs continue to this day to sue State Farm and seek to recover damages.  The only thing that has changed is that Plaintiffs originally sued State Farm as their uninsured motorist carrier because the driver of the at-fault vehicle was unknown. Now that the at-fault driver has been discovered State Farm is being sued as the under-insured motorist carrier that may be liable for damages in excess of insurance limits for Barber and U.S. Xpress.  Barber argues that State Farm is actually on the side of Plaintiffs because State Farm stands to benefit by a finding that Barber and U.S. Xpress are responsible for the accident.

  The court is not persuaded by this argument.  State Farm is little different than any co-defendant who stands to benefit from a finding that a fellow defendant is actually responsible for all or some of the damages.  That is a routine situation presented in multi-defendant litigation, but no one thinks of such co-defendants as being on the side of the plaintiffs who are suing them for everything they can collect.  State Farm is in even more of an adversarial relation with Plaintiffs than the typical co-defendant because even if all fault is placed on the

other defendants, State Farm may be liable if Plaintiffs' damages exceed the amount of a primary coverage held by those defendants.

"The fact that one defendant may benefit should plaintiff prevail against another defendant is not in and of itself sufficient to sustain realignment." Sims v. IBI Security, 586 F.Supp. 53, 56 (S.D. NY 1984). See also Rivere v. Leonhardt, 2010 WL 4553521, *2-3 (E.D. La. 2010) (there was a bona fide dispute between plaintiff and his UM carrier; cross-claims between the UM carrier and another defendant did not warrant realigning UM carrier as a plaintiff). Plaintiffs' principal purpose for filing this suit was to collect the maximum amount of damages from each of the three named defendants, so there is a bona fide dispute between Plaintiffs and State Farm that does not warrant realignment.

### C. Nominal Party

The removing defendants' alternative argument is that unanimity is not required because State Farm is a nominal party. The Fifth Circuit has said that a party may be nominal if he is a mere depositary or stakeholder. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 327 (5th Cir.1970). A party may also be nominal if there is no possibility that the plaintiff would be able to establish a cause of action against him in state court. Farias, 925 F.2d at 871.

This is not an interpleader action where State Farm has deposited policy proceeds that it admits are due. State Farm has denied every essential allegation made by Plaintiffs and it is attempting to hold on to as much of its policy proceeds as it can. There is also no reason to believe Plaintiffs could not establish a claim in state court against their UM insurer based

on a hit and run auto accident. State Farm's role in this case is far more than nominal, so its lack of joinder in the removal was a procedural defect.

**Conclusion**

Plaintiffs' **Motion to Remand (Doc. 7)** will be **granted**, **subject to the stay set forth in the accompanying order** to allow for any appeal.

The court may grant attorney fees and costs when it remands a case if the removing party lacked an objectively reasonable basis for seeking removal. 28 U.S.C. § 1447(c); Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). This court does not often award attorney fees and costs when it grants a motion to remand because there is usually an objectively reasonable basis for the attempted removal. However, that is a close question in this case. Although no fees and costs will be awarded in this instance, the court cautions Defendants and others in a similar situation to ensure that their removals have a sound basis in law and fact.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE